# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

FLORINE HICKS,

    Plaintiff,

  v.                                                      Case No. 23-CV-667

MILWAUKEE COUNTY TRANSPORT
SERVICE, et al.,

    Defendants.

## ORDER ON MOTION TO PROCEED WITHOUT PREPAYMENT OF THE FILING FEE AND SCREENING OF COMPLAINT

Florine Hicks sues her former employer, the Milwaukee County Transport Service ("MCTS"), as well as the Amalgamated Transit Union, Local 998 (the "Union"), Raymond Ma, Leann M. Minor, the Labor and Industry Review Commission ("LIRC"), the Department of Workforce Development, Michael Bautch, and Mike Brown for alleged violations stemming from her December 7, 2020 termination of employment and other disciplinary actions. (Docket # 1.) Hicks also moves for leave to proceed without prepayment of the filing fee (*in forma pauperis*). (Docket # 3.) Because I find that Hicks is indigent, her motion will be granted. However, because her complaint as currently pled fails to state a claim upon which relief may be granted, Hicks will be given leave to file an amended complaint.

## ANALYSIS

    1.    *Motion for Leave to Proceed Without Prepayment of the Filing Fee*

The federal *in forma pauperis* statute, 28 U.S.C. § 1915, is designed to ensure indigent litigants meaningful access to the federal courts while at the same time prevent indigent litigants from filing frivolous, malicious, or repetitive lawsuits. *Nietzke v. Williams*, 490 U.S.

319, 324 (1989). To authorize a litigant to proceed *in forma pauperis*, the court must first determine whether the litigant is able to pay the costs of commencing the action. 28 U.S.C. § 1915(a). Second, the court must determine whether the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)–(iii).

The standards for reviewing dismissal for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii) are the same as those for reviewing a dismissal under Federal Rule of Civil Procedure 12(b)(6). *See DeWalt v. Carter*, 224 F.3d 607, 611–12 (7th Cir. 2000). In evaluating whether a plaintiff's complaint fails to state a claim, a court must take the plaintiff's factual allegations as true and draw all reasonable inferences in her favor. *Id.* at 612. Although a complaint need not contain "'detailed factual allegations,'" a complaint that offers "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

According to Hicks' motion, she is unemployed and has $900.00 in monthly expenses. (Docket # 3 at 1–4.) Hicks' only assets are a 2006 Toyota worth approximately $3,000.00 and $1,000.00 in cash, checking, savings, or other similar account. (*Id.* at 3.) I therefore conclude that she is unable to pay the filing fee and turn to the question of whether her complaint is frivolous, malicious, or fails to state a claim.

    2.    *Screening of Complaint*

        2.1    *Factual Allegations*

Hicks alleges that she began working for the MCTS on July 20, 2019 as a bus operator. (Docket # 1 at 3.) Hicks was also a member of the Amalgamated Transit Union, Local 998.

2

Case 2:23-cv-00667-NJ    Filed 06/15/23    Page 2 of 7    Document 5

(*Id.*) Hicks began having problems with her employer when the COVID-19 pandemic forced the MCTS to implement various rules that drivers and passengers were expected to follow. In a paragraph entitled "Age Discrimination," Hicks alleges that on April 15, 2020, she was traveling from the north side of Milwaukee to the south side of Milwaukee when many people boarded her bus at a particular stop. (*Id.* at 9.) Hicks alleges that she began to experience feelings of worry, nervousness, and uneasiness because of the risks of COVID to older individuals. (*Id.*) Hicks alleges that one passenger asked whether the bus would be stopping at Miller Parkway. (*Id.*) Hicks states that because of her fear and nervousness she was unable to think, causing her to answer that she was not sure. (*Id.* at 9–10.) Hicks alleges that when she spoke those words, "it appeared as through [sic] the whole bus went in a rage." (*Id.* at 10.) Hicks alleges that her supervisor did not consider her explanation that she was suffering from a COVID-related panic attack and issued her a violation of Rule No. 45, Discourtesy/Rudeness. (*Id.*)

In a paragraph entitled "Disability Denied," Hicks alleges that on August 27, 2020, she alerted MCTS of her medical condition requiring frequent or more urgent restroom breaks. (*Id.* at 8–9.) Hicks alleges that on September 29, 2020, she needed to use the restroom so she stopped a long way from her designated bus stop to get to the bathroom faster. (*Id.*) A passenger came and wanted to board the bus, but Hicks refused based on MCTS' stated policy that customer stops are to be made only at bus stops indicated by the company bus stop signs. (*Id.* at 9.) Hicks alleges that she was suspended for three days for refusing to break MCTS' rule in not allowing the passenger to board in an undesignated area. (*Id.*)

Hicks alleges that in November 2020, MCTS adopted a COVID-related protocol that required passengers to enter the bus through the front door and exit through the back door.

(*Id.* at 5.) In a paragraph entitled "Retaliation, Unjust Prejudice Against Religion," Hicks alleges that on November 17, 2020, a passenger signaled that he wanted to get off the bus, so Hicks stopped the bus and opened the back door as instructed by MCTS. (*Id.* at 6.) Hicks states that the passenger walked to the front of the bus and demanded the door be opened. (*Id.*) Hicks refused to open the front door and instructed the passenger to exit through the back door. (*Id.*) Hicks alleges the passenger became disruptive and rude and pulled out a gun, threatening to shoot the door off its hinges. (*Id.*) Hicks again told the passenger to exit through the back door and noted he was being recorded by the cameras on the bus. (*Id.*) The passenger then turned and walked to the back of the bus and exited through the rear door. (*Id.*) Hicks subsequently called in sick the next day and did not return to work until December 7, 2020. (*Id.* at 4.)

Hicks alleges that the MCTS has an agreement with the Union to not discharge an employee while they are out sick (*id.*), so when she returned to work on December 7, 2020, she was discharged for violating Rule No. 15, Improper Conduct, by not letting the passenger exit through the front door (*id.* at 7). Hicks alleges that as a Jehovah's Witness, she believes that she must obey her boss' rules and instructions, and MCTS violated her rights by firing her when she was simply following MCTS' COVID protocols. (*Id.*) Hicks further alleges that on December 7, 2020, she was issued a violation for Discourtesy/Rudeness for reprimanding a passenger who extracted several face masks upon entering the bus, dropping several on the floor. (*Id.* at 10.)

Hicks filed a grievance with the Union, who decided not to take her case to arbitration. (Docket # 1-1 at 11, 19.) On February 26, 2021, Hicks was awarded unemployment benefits

4

(*id.* at 2); however, on January 28, 2022, LIRC issued a decision finding Hicks ineligible for benefits and requiring her to repay the erroneously paid benefits (*id.* at 5).

        2.2       Whether Complaint States a Claim

As an initial matter, while Hicks names eight different individuals and/or entities as defendants, her complaint contains no allegations against the Union, Ma, Minor, Bautch, or Brown. Furthermore, while Hicks sues the Labor and Industry Review Commission and the Department of Workforce Development, to the extent Hicks seeks judicial review of the decisions regarding her unemployment benefits, these must be appealed to the state court, not the federal court, as unemployment benefits are governed by Wisconsin statutes. *See* Wis. Stat. § 108.09(7). It appears that the Labor and Industry Review Commission's January 28, 2022 decision contained information regarding Hicks' appeal rights. (Docket # 1-1 at 5 n.1.)

Hicks also appears to allege various claims of discrimination based on religion, disability, and age. To state a claim under Title VII, which makes it unlawful for an employer to discriminate based on religion, Hicks must plead that: (1) that she is a member of a protected class, (2) that she suffered an adverse employment action, and (3) causation. *Lewis v. Indiana Wesleyan Univ.*, 36 F.4th 755, 759 (7th Cir. 2022). To allege disability discrimination, Hicks must claim that: (1) she is disabled within the meaning of the ADA; (2) she is qualified to perform the essential functions of the job, either with or without a reasonable accommodation; and (3) she suffered from an adverse employment action because of her disability. *Graham v. St. John's United Methodist Church*, 913 F. Supp. 2d 650, 654 (S.D. Ill. 2012). And to establish a *prima facie* case of age discrimination under the Age Discrimination in Employment Act, Hicks must show: (1) she was in the protected age group of 40 or older, (2) she was performing her job satisfactorily, (3) she was discharged, and (4)

substantially younger, similarly situated employees were treated more favorably. *Rummery v. Illinois Bell Tel. Co.*, No. 97 C 6516, 2000 WL 343469, at *6 (N.D. Ill. Mar. 30, 2000). It is unclear from Hicks' complaint, as currently pled, whether these are the claims she intends to bring.

Furthermore, for claims brought under Title VII, the ADA, and the ADEA, Hicks must first exhaust her administrative remedies by filing charges with the Equal Employment Opportunity Commission and receive a right to sue letter before bringing such claims in federal court. *See Chaidez v. Ford Motor Co.*, 937 F.3d 998, 1004 (7th Cir. 2019) (addressing Title VII); *Whitaker v. Milwaukee Cnty., Wisconsin*, 772 F.3d 802, 812 (7th Cir. 2014) (addressing the ADA); *Reynolds v. Tangherlini*, 737 F.3d 1093, 1101 (7th Cir. 2013) (addressing the ADEA). It is unclear from the allegations in Hicks' complaint whether her administrative remedies were exhausted.

Finally, Hicks alleges that MCTS improperly terminated her employment. For a federal cause of action to arise for improper termination of employment, Hicks must allege a violation of the due process clause under 42 U.S.C. § 1983. To sustain a claim for violation of federal due process rights, the discharged employee must first establish that she had a property interest in continued employment. *Schultz v. Baumgart*, 738 F.2d 231, 234 (7th Cir. 1984). After establishing the existence of a property right, the discharged employee must demonstrate that she was discharged without the procedural protections accorded by the due process clause. *Id.* at 235. While the "precise scope of those protections in the context of public employment is far from clear, [ ] at a minimum, they include prior notice of the discharge and the reasons for it, and a meaningful opportunity to respond prior to termination." *Id.* Thus,

to the extent Hicks intends to pursue a wrongful termination claim against MCTS, she must take care to properly plead the claim under federal law.

In summary, Hicks will be given leave to amend her complaint to properly state a claim under federal law against each named defendant. Hicks has **fourteen (14) days** to file an amended complaint. The amended complaint must bear the docket number assigned to this case and must be labeled "Amended Complaint." Hicks is advised that the amended complaint replaces the prior complaint and the amended complaint must be complete in itself without reference to the prior complaint. Accordingly, matters not set forth in the amended complaint are, in effect, withdrawn. *Duda v. Board of Educ. of Franklin Park Public School Dist. No. 84*, 133 F.3d 1054, 1057 (7th Cir. 1998). Should Hicks fail to timely file an amended complaint consistent with this Order, I will recommend that Hicks' complaint be dismissed.

## ORDER

**NOW, THEREFORE, IT IS ORDERED** that Hicks' motion for leave to proceed without prepayment of the filing fee (Docket # 3) is **GRANTED**.

**IT IS FURTHER ORDERED** that Hicks has **fourteen (14) days** to file an amended complaint consistent with this decision. Should Hicks fail to timely file an amended complaint, I will recommend this action be dismissed.

Dated at Milwaukee, Wisconsin this 15th day of June, 2023.

BY THE COURT

*[signature]*

NANCY JOSEPH
United States Magistrate Judge