UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

FLORINE HICKS,

    Plaintiff,

v.                                                                         Case No. 23-CV-667

MILWAUKEE COUNTY TRANSPORT
SERVICE, et al.,

    Defendants.

---

## ORDER CLARIFYING SCREENING ORDER

---

Florine Hicks sues her former employer, the Milwaukee County Transport Service ("MCTS"), as well as the Amalgamated Transit Union, Local 998 (the "Union"), Raymond Ma, Leann M. Minor, the Labor and Industry Review Commission ("LIRC"), the Department of Workforce Development, Michael Bautch, and Mike Brown for alleged violations stemming from her December 7, 2020 termination of employment and other disciplinary actions. (Docket # 1.) In an Order dated June 15, 2023, I granted Hicks' request for leave to proceed without prepayment of the filing fee (*in forma pauperis*) and screened her complaint. (Docket # 5.) Upon screening the complaint, I found that the complaint, as currently pled, fails to state a claim upon which relief may be granted, and Hicks was given fourteen days to file an amended complaint consistent with the decision. (*Id.*)

Rather than filing an amended complaint, Hicks filed a pleading "politely refusing the offer to amend" her complaint "because of not understanding the court's meaning." (Docket # 6.) It appears Hicks is confused by the June 15, 2023 Order's statement "that the amended

complaint replaces the prior complaint and the amended complaint must be complete in itself without reference to the prior complaint." (Docket # 5 at 7.) Hicks also requests the court appoint counsel to assist with her case. (Docket # 6 at 2.)

As an initial matter, Hicks is correct that "it is not the court's job to plead this case" for her (*id.* at 1–2); however, I will attempt to provide some clarification of the previous order. In the screening order, I noted that it was unclear what causes of action Hicks was alleging against what specific defendants. Hicks was provided with the elements of various causes of action that the Court surmised Hicks could potentially be pursuing, and explained what facts were necessary to plead a *prima facie* case under each statute. I also noted that for several causes of action, for example, under Title VII, the ADA, and the ADEA, a plaintiff must first exhaust her administrative remedies by filing charges with the Equal Employment Opportunity Commission and receive a right to sue letter before bringing such claims in federal court. (Docket # 5 at 5–6.)

As to the language regarding the amended complaint replacing the original complaint, Hicks is instructed that there can be only one operative complaint before the Court. For this reason, to amend her complaint, Hicks must re-write her complaint in an amended form. This does not mean that she "cannot go back into the Complaint," (Docket # 6 at 1), it simply means that she will need to repeat anything she wishes to use from her previous complaint in the amended complaint. But the amended complaint must also fix the deficiencies stated in the June 15 Order. Perhaps it would benefit Hicks to utilize one of the Court's complaint forms, which guides the user on what to include in a complaint. To the extent Hicks does intend to pursue an employment discrimination claim, she will be provided with the court's employment discrimination complaint form, which guides the user to check a box for the

2

basis of jurisdiction and instructs whether the claim must first be administratively exhausted before filing the complaint. Hicks will also be provided a copy of the guide for *pro se* litigants for filing complaints in federal court.

Finally, Hicks requests the Court appoint counsel to assist her with this case. Civil litigants have neither a statutory nor a constitutional right to be represented by counsel in federal court. *Jackson v. County of McLean*, 953 F.2d 1070, 1071 (7th Cir. 1992). However, an indigent civil litigant may ask the district court to request an attorney to represent him *pro bono*. *See* 28 U.S.C. § 1915(e)(1) (in proceedings in forma pauperis, "[t]he court may request an attorney to represent any person unable to afford counsel"). To be clear, the court's discretionary authority is to recruit a lawyer to represent an indigent civil litigant *pro bono*, but not to make "coercive appointments of counsel." *Pruitt v. Mote*, 503 F.3d 647, 653 (7th Cir. 2007).

When a party asks the court to recruit a volunteer lawyer in a civil case, the district court must inquire as to whether (1) the indigent party has made a reasonable attempt to obtain counsel or has been effectively precluded from doing so; and (2) the indigent party appears competent to litigate the case himself, taking into account the difficulty of the case. *Id.* at 654. On the second part of this inquiry, the question is not whether a lawyer would present the case more effectively than the pro se plaintiff. "[I]f that were the test, 'district judges would be required to request counsel for every indigent litigant.'" *Id.* at 655 (internal citations omitted). Rather, the question is whether the difficulty of the case-factually and legally-exceeds the particular plaintiff's capacity as a layperson to coherently present it to the judge or jury himself. *Id.*

At this juncture, Hicks has not shown that she made a reasonable attempt to obtain counsel. Thus, Hicks' request to appoint counsel is denied. Should Hicks wish to renew her motion at a later date, she is instructed that she will need to provide the Court with the names and addresses of those attorneys she contacted to show that she made a reasonable attempt to obtain legal counsel. Upon making this showing, I will then decide whether Hicks is competent to litigate the case herself.

Hicks will have until **August 1, 2023** to file an amended complaint consistent with the Court's Orders. Once again, should Hicks fail to timely file an amended complaint, I will recommend this action be dismissed.

Dated at Milwaukee, Wisconsin this 18th day of July, 2023.

BY THE COURT

*Nancy Joseph*
_____
NANCY JOSEPH
United States Magistrate Judge