UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

FLORINE HICKS,

    Plaintiff,

v.                                                Case No. 23-CV-667

MILWAUKEE COUNTY TRANSPORT SERVICE, et al.,

    Defendants.

## REPORT AND RECOMMENDATION SCREENING COMPLAINT[1]

Florine Hicks sues her former employer, the Milwaukee County Transport Service ("MCTS"), as well as the Amalgamated Transit Union, Local 998 (the "Union"), Raymond Ma, Leann M. Minor, the Labor and Industry Review Commission ("LIRC"), the Department of Workforce Development, Michael Bautch, and Mike Brown for alleged violations stemming from her December 7, 2020 termination of employment and other disciplinary actions. (Docket # 1.) In an Order dated June 15, 2023, I granted Hicks' request for leave to proceed without prepayment of the filing fee (*in forma pauperis*) and screened her complaint. (Docket # 5.) Upon screening the complaint, I found that the complaint, as currently pled, failed to state a claim upon which relief may be granted, and Hicks was given fourteen days to file an amended complaint consistent with the decision. (*Id.*)

Rather than filing an amended complaint, Hicks filed a pleading "politely refusing the offer to amend" her complaint "because of not understanding the court's meaning." (Docket

---

[1] Because the defendants have not yet appeared and had an opportunity to consent or refuse magistrate judge jurisdiction, I issue a report and recommendation regarding the screening of the plaintiff's complaint. *See Coleman v. Labor and Industry Review Commission*, 860 F.3d 461(7th Cir. 2017).

# 6.) Hicks was confused by the June 15, 2023 Order's statement "that the amended complaint replaces the prior complaint and the amended complaint must be complete in itself without reference to the prior complaint." (Docket # 5 at 7.) Hicks also requested the court appoint counsel to assist with her case. (Docket # 6 at 2.)

In an Order dated July 18, 2023, I attempted to clarify the Court's previous Order. (Docket # 8.) Hicks was also sent the Court's complaint forms and a copy of the guide for *pro se* litigants to assist her with filing a complaint in federal court. (*Id.*) Hicks was given until August 1, 2023, to file an amended complaint consistent with the Court's Orders and she was warned that failure to timely file an amended complaint would result in a recommendation that the action be dismissed. (*Id.* at 4.) Hicks' motion to appoint counsel was denied. (*Id.*)

As of the date of this Order, Hicks has not filed an amended complaint. Thus, consistent with the Court's previous warnings, I recommend that the complaint be dismissed for failure to state a claim.

**NOW, THEREFORE, IT IS RECOMMENDED** that Hicks' complaint be dismissed for failure to state a claim.

Your attention is directed to General L.R. 72(c), 28 U.S.C. § 636(b)(1)(B) and Federal Rules of Criminal Procedure 59(b), or Federal Rules of Civil Procedure 72(b) if applicable, whereby written objections to any recommendation or order herein, or part thereof, may be filed within fourteen days of the date of service of this recommendation or order. Objections are to be filed in accordance with the Eastern District of Wisconsin's electronic case filing procedures. Courtesy paper copies of any objections shall be sent directly to the chambers of the district judge assigned to the case. Failure to file a timely objection with the district court

shall result in a waiver of a party's right to appeal. If no response or reply will be filed, please notify the Court in writing.

Dated at Milwaukee, Wisconsin this 7th day of August, 2023.

BY THE COURT

NANCY JOSEPH
United States Magistrate Judge