# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| FLORINE HICKS,<br><br>              Plaintiff,<br><br>v.<br><br>MILWAUKEE COUNTY TRANSPORT SERVICE, AMALGAMATED TRANSIT UNION LOCAL 998, AMALGAMATED TRANSIT UNION LOCAL 998,[1] RAYMOND MA, LEANN MINOR, LABOR AND INDUSTRY REVIEW COMMISSION, DEPARTMENT OF WORKFORCE DEVELOPMENT, MICHAEL BAUTCH, MIKE BROWN, JOHN DOE, MICK JARVIS, and NATE HOLTON,<br><br>              Defendants. | Case No. 23-CV-667-JPS<br><br>**ORDER** |

       On May 31, 2023, Plaintiff Florine Hicks ("Plaintiff"), proceeding pro se, filed a complaint purporting to allege claims of, among others, wrongful termination, retaliation, religious, disability, and age discrimination, and civil rights violations. ECF No. 1. The case was assigned to Magistrate Judge Nancy Joseph. On June 15, 2023, Magistrate Judge Joseph screened Plaintiff's complaint and identified numerous deficiencies, including that Plaintiff had failed "to properly state a claim under federal law against each named defendant." ECF No. 5 at 7. Magistrate Judge Joseph granted

---

[1] Plaintiff brought suit against two defendants with the name "Amalgamated Transit Union Local 998," each listed with a different mailing address. ECF No. 1 at 1.

Plaintiff leave to submit an amended complaint within fourteen days of the screening order. *Id.* Magistrate Judge Joseph cautioned Plaintiff that if Plaintiff did not timely file an amended complaint, Magistrate Judge Joseph would recommend that the action be dismissed. *Id.*

In response, on June 26, 2023, Plaintiff filed a response to the screening order stating that she was "politely refusing the offer to amend because [she did] not understand[] the court's meaning." ECF No. 6 at 1. In particular, Plaintiff expressed confusion over the instruction that "the amend[ed] complaint replaces the prior complaint and the amended complaint must be complete without reference to the prior complaint." *Id.* On July 18, 2023, Magistrate Judge Joseph issued an order clarifying the screening order. ECF No. 8. Magistrate Judge Joseph afforded Plaintiff another fourteen days, or until August 1, 2023, from that order to file an amended complaint and again explained that should Plaintiff not timely file an amended complaint, Magistrate Judge Joseph would recommend that the action be dismissed. *Id.* at 4.

On August 7, 2023, having not received an amended complaint or any other filing from Plaintiff, Magistrate Judge Joseph issued a report and recommendation ("R&R") recommending that the complaint be dismissed. ECF No. 9. Pursuant to General Local Rule 72(c), 28 U.S.C. § 636(b)(1)(B), and Federal Rule of Civil Procedure 72(b), Magistrate Judge Joseph advised Plaintiff that written objections to the R&R, or any part thereof, could be filed within fourteen days of the date of service of the R&R. *Id.* at 2.

To date, no objections or any other filings have been received from Plaintiff. Thus, the Court concurs in Magistrate Judge Joseph's conclusion that the action should be dismissed. Specifically, by failing to file an amended complaint, Plaintiff has failed to diligently prosecute her case. *See*

Civ. L.R. 41(c) (authorizing dismissal of claims when "it appears to the Court that the plaintiff is not diligently prosecuting the action"). The Court, therefore, will adopt Magistrate Judge Joseph's report and recommendation and dismiss the action.

The dismissal will operate without prejudice. Plaintiff proceeds pro se, no defendant has appeared and moved to dismiss the case for failure to prosecute, and the case is in its early stages with no record of delay or the like. *See id.* (noting that a dismissal for lack of diligence may be either "with or without prejudice"); Fed. R. Civ. P. 41(b) (noting that dismissals for a plaintiff's failure to prosecute, where a defendant has so moved, "operate[] as an adjudication on the merits"); *Zaddack v. A.B. Dick Co.*, 773 F.2d 147, 150 (7th Cir. 1985) ("Dismissal with prejudice is appropriate when there is a clear record of delay or contumacious behavior.").

Accordingly,

**IT IS ORDERED** that Magistrate Judge Nancy Joseph's report and recommendation, ECF No. 9, be and the same is hereby **ADOPTED**; and

**IT IS FURTHER ORDERED** that this action be and the same is hereby **DISMISSED without prejudice**.

The Clerk of the Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 28th day of August, 2023.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge

This Order and the judgment to follow are final. A dissatisfied party may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within **thirty (30)** days of the entry of judgment. See Fed. R. App. P. 3, 4. This Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the thirty-day deadline. *See* Fed. R. App. P. 4(a)(5)(A). Moreover, under certain circumstances, a party may ask this Court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **twenty-eight (28)** days of the entry of judgment. The Court cannot extend this deadline. *See* Fed. R. Civ. P. 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The Court cannot extend this deadline. *See id.* A party is expected to closely review all applicable rules and determine what, if any, further action is appropriate in a case.